State v. Walken.

---

STATE OF MISSOURI, Respondent, v. WALKEN, Appellant.

St. Louis Court of Appeals, November 5, 1908.

1. CRIMES: Larceny: Prima-Facie Case. On appeal from a conviction for larceny, the evidence is examined and held sufficient to support a verdict of guilty.

2. ———: ———: Criminal Practice: Conviction of Lesser Offense. It is permissible under an indictment for grand larceny to convict the defendant of petit larceny where the evidence shows the value of the property stolen was less than $30.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench,* Judge.

AFFIRMED.

GOODE, J.—This appellant was convicted of the crime of petit larceny for stealing rugs, portieres, scarfs, towels, napkins and other similar articles from the Usona Hotel in the city of St. Louis. The indictment was for grand larceny and the evidence shows the property stolen was worth several hundred dollars, but the jury returned a verdict for petit larceny. Appellant's name is spelled sometimes in the record before us as Wolken, but as Walken in the indictment. No briefs or abstracts have been submitted and we only know the errors relied on for reversal from the motion for new trial, which says the verdict is against the evidence; that the court erred in rulings on the evidence and in giving instructions. We have gone through the entire record of more than four hundred pages and find the evidence leaves no doubt of appellant's guilt. She was housekeeper for six months prior to April 15, 1907, at the Usona Hotel in St. Louis, of which Mrs. Elizabeth Boogher was proprietor. As housekeeper appellant had charge of the bed linen and napery of the establishment and keys to all the rooms. It was her duty to take care of the linen and distribute it as needed to the different rooms. Prior to April 15th she had rented a house at No. 4000 Delmar avenue wherein to take lodgers—a rooming house it is called. When she left the Usona Hotel she took away, or had sent after her, three trunks and several boxes; and besides had a negro boy who worked at the hotel, carry away a wash basket full of stuff. This negro went with her to her rooming house and worked for her a short time. When the trunks and boxes were opened several rugs and various articles of linen, like napkins, table cloths, etc., were taken out of them. The boy recognized these articles as property of the Usona Hotel and, indeed, the name of the hotel was on many of them. He reported the fact to Mrs. Boogher,

and on May 7th, she and her son and two officers went to the lodging house on Delmar avenue to search it. Mrs. Walken at first said, on being accused of taking the articles, that she had taken nothing but two napkins. Some rugs were found on the floors and she admitted taking them, but said they were all. Afterwards table linen was discovered with the name of the Usona Hotel on it and she said she had taken that but no more. And so as the searching party went through the establishment, finding articles in each room, she admitted taking them, but protested against further search, saying her lodgers would be disturbed and she had nothing more. According to the testimony of the officers and of Mrs. Boogher and her son, appellant admitted she had taken away the various pieces they had discovered and offered no explanation of her act. Circumstances besides those narrated and tending to prove appellant's guilt, were put in evidence. A physician who was put on the stand by appellant, apparently to account for her admissions, testified her nervous condition when the searching party was going through her house, was such that she could not make clear answers to questions. Her own explanation when on the witness stand, as to how she came to take table linen with the name of the Usona Hotel on it, was about as follows: she had arranged several weeks before she left the Usona, to keep the rooming house on Delmar and another woman was going to be her partner in the enterprise. This woman had advanced her money with which to buy rugs and linen to be used in their business. She used the money to buy napkins, and perhaps other pieces, and these became mixed with the Usona linen in laundering, while she was still housekeeper there, and when she was leaving she did not think it was necessary to select her own articles from among the Usona linen, but thought it would be all right to take the same number of pieces with the Usona's name on them. Appellant also swore the rugs

she had at the Delmar house had been sent to her by the woman who was to be her partner. It is useless to pursue the evidence in this case, for it amply supports the verdict.

We have examined the instructions given by the court, which covered the entire case, and find no error in them. It is permissible to convict a defendant of petit larceny under an indictment for grand larceny if the evidence shows the value of the property stolen was less than thirty dollars. [R. S. 1899, sec. 1911.] The jury must have found the property taken by appellant was less than thirty dollars in value and this was a merciful verdict.

The judgment is affirmed. All concur.